NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL A. DURAN,

          Petitioner-Appellant,

  v.

M. GUTIERREZ,

          Respondent-Appellee.

No. 22-17004

D.C. No.
4:22-cv-00538-RM-EJM

MEMORANDUM[*]

JEREMY VAUGHN PINSON,

          Petitioner-Appellant,

  v.

BARBARA VON BLANCKENSEE,
Warden,

          Respondent-Appellee.

No. 23-15025

D.C. No.
4:20-cv-00071-RM-JR

Appeals from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Argued and Submitted December 6, 2024
San Francisco, California

Before: TASHIMA, RAWLINSON, and M. SMITH, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Petitioners Michael Duran and Jeremy Pinson[1] were previously incarcerated at the United States Penitentiary in Tucson, Arizona (USP Tucson).  While there, Petitioners each brought habeas petitions pursuant to 28 U.S.C. § 2241 seeking transfer from their placement in the Special Housing Unit (SHU), a solitary confinement unit, back to the general population.  Petitioners now appeal from the district court's denial of their petitions.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss Petitioners' appeals as moot.

The Constitution limits the "judicial Power" of the federal courts to cases and controversies.  U.S. Const. art. III, § 2, cl. 1.  Thus, federal courts are "precluded by Article III . . . from entertaining an appeal if there is no longer a live case or controversy."  *Munoz v. Rowland*, 104 F.3d 1096, 1097 (9th Cir. 1997).  Applying this principle, this court has generally held that a prisoner's claims relating to an institution are mooted by his transfer to another facility.  *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015); *see, e.g.*, *Pinson v. Carvajal*, 69 F.4th 1059, 1064 (9th Cir. 2023).  Nevertheless, pursuant to the "capable of repetition, yet evading review" exception, *S. Pac. Terminal Co. v. Interstate Com. Comm'n*, 219 U.S. 498, 515 (1911), a prisoner suit against an institution may still proceed, despite the

---

[1] The district court referred to Pinson using she/her pronouns, and we follow that convention.

prisoner's transfer, so long as he "demonstrate[s] 'a reasonable expectation that he [would be] . . . subjected again' to the [challenged] policies." *Walker*, 789 F.3d at 1132 (quoting *Dilley*, 64 F.3d at 1368–69).

Petitioners were each transferred from USP Tucson to other institutions. Petitioners do not dispute that, as a result of their transfers, their claims are moot absent an exception to the mootness rule. However, Petitioners contend that their claims are capable of repetition, yet evading review, because there is a reasonable expectation that they will return to USP Tucson in the future. In support of this proposition, Petitioners point to evidence that reflects no more than the basic fact that Petitioners "might be transferred back to [USP Tucson] some time in the future." *Dilley*, 64 F.3d at 1369.[2] Such evidence is "'too speculative' to prevent mootness." *Id.*; *see also Pinson*, 69 F.4th at 1064. As a result, Petitioners "fail[] to present a live case or controversy for our review, and Article III therefore prohibits exercising jurisdiction over [their] petition[s]." *Pinson*, 69 F.4th at 1064; *see also In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005).

Petitioners, in the alternative, argue that there is jurisdiction over their appeals because they were transferred from USP Tucson in violation of Fed. R. App. P. 23(a). However, Rule 23(a) applies only to habeas proceedings

---

[2] During oral argument, counsel for Petitioners conceded that, in light of Pinson's recent reclassification as a low security inmate, she almost certainly will not return to USP Tucson, a high security penitentiary, in the future.

3

commenced "for the release of a prisoner." Fed. R. App. P. 23(a). Here, because Petitioners sought rehousing and not release from custody, Petitioners were not transferred in violation of Rule 23(a), and that rule does not provide a basis for jurisdiction. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991).

**DISMISSED.**